# Exhibit A



**null / ALL**
**Transmittal Number: 16818970**
**Date Processed: 06/28/2017**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Tanya Flores<br>Midland Credit Management, Inc.<br>3111 Camino del Rio North<br>Suite 103<br>San Diego, CA 92108 |
| **Electronic copy provided to:** | Krista Yerby |

| | |
|---|---|
| **Entity:** | Midland Credit Management, Inc<br>Entity ID Number  1682419 |
| **Entity Served:** | Midland Credit Management, Inc. |
| **Title of Action:** | Gwendolyn Thomas vs. Midland Credit Management, Inc. |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Violation of State/Federal Act |
| **Court/Agency:** | Wyandotte County District Court, Kansas |
| **Case/Reference No:** | 2017-LM-002704 11 |
| **Jurisdiction Served:** | Kansas |
| **Date Served on CSC:** | 06/26/2017 |
| **Answer or Appearance Due:** | 14 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | A.J. Stecklein<br>913-371-0727 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscglobal.com

ELECTRONICALLY FILED
2017 Jun 20 PM 3:04
CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT
CASE NUMBER: 2017-LM-002704

Gwendolyn Thomas

vs.

Midland Credit Management, Inc.

Division: 11

**SUMMONS**

To the above-named Defendant/Respondent:

**Midland Credit Management Inc**
**RA: Corporation Service Company**
**2900 SW Wanamaker Drive, Suite 204**
**Topeka, KS  66114**

You are hereby notified that a lawsuit commenced against you will be on this court's docket at 09:00 AM, on 07/24/2017, to be held at the following location:

Wyandotte County District Court
Wyandotte County District Court
710 N. 7th St.
Kansas City, KS 66101

If you do not appear before this court or file an answer at such time, judgment by default will be taken against you for the relief demanded in the petition.

If you intend to appear at such time and dispute the petition, you must file an answer with the clerk of this court within 14 days thereafter.

If you are not represented by an attorney, the answer shall be signed by you.  The answer shall state the following:

(1) what the dispute is;
(2) any affirmative defenses you have to the claim; and
(3) your (or your attorney's) current address, phone number, fax phone number, and e-mail address.

You must also promptly send a copy of your answer to the plaintiff's attorney or the plaintiff, if the plaintiff has no attorney.



Clerk of the District Court
Electronically signed  on 06/20/2017 03:28:30 PM

**Documents to be served with the Summons:**
PLE: Petition Petition

ELECTRONICALLY FILED
2017 Jun 20 PM 3:04
CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT
CASE NUMBER:  2017-LM-002704

Gwendolyn Thomas

vs.

Midland Credit Management, Inc.

Division:  11

**SUMMONS**

To the above-named Defendant/Respondent:

**Midland Credit Management Inc**
**RA: Corporation Service Company**
**2900 SW Wanamaker Drive, Suite 204**
**Topeka, KS  66114**

You are hereby notified that a lawsuit commenced against you will be on this court's docket at 09:00 AM, on 07/24/2017, to be held at the following location:

Wyandotte County District Court
Wyandotte County District Court
710 N. 7th St.
Kansas City, KS 66101

If you do not appear before this court or file an answer at such time, judgment by default will be taken against you for the relief demanded in the petition.

If you intend to appear at such time and dispute the petition, you must file an answer with the clerk of this court within 14 days thereafter.

If you are not represented by an attorney, the answer shall be signed by you.  The answer shall state the following:

(1) what the dispute is;
(2) any affirmative defenses you have to the claim; and
(3) your (or your attorney's) current address, phone number, fax phone number, and e-mail address.

You must also promptly send a copy of your answer to the plaintiff's attorney or the plaintiff, if the plaintiff has no attorney.



Clerk of the District Court
Electronically signed  on 06/20/2017 03:28:30 PM

**Documents to be served with the Summons:**
PLE: Petition Petition

**ELECTRONICALLY FILED**
2017 Jun 20 PM 3:04
CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT
CASE NUMBER:  2017-LM-002704

Gwendolyn Thomas

vs.

Midland Credit Management, Inc.

Division: 11

**SUMMONS**

To the above-named Defendant/Respondent:

**Midland Credit Management Inc**
**RA: Corporation Service Company**
**2900 SW Wanamaker Drive, Suite 204**
**Topeka, KS  66114**

You are hereby notified that a lawsuit commenced against you will be on this court's docket at 09:00 AM, on 07/24/2017, to be held at the following location:

Wyandotte County District Court
Wyandotte County District Court
710 N. 7th St.
Kansas City, KS 66101

If you do not appear before this court or file an answer at such time, judgment by default will be taken against you for the relief demanded in the petition.

If you intend to appear at such time and dispute the petition, you must file an answer with the clerk of this court within 14 days thereafter.

If you are not represented by an attorney, the answer shall be signed by you.  The answer shall state the following:

(1) what the dispute is;
(2) any affirmative defenses you have to the claim; and
(3) your (or your attorney's) current address, phone number, fax phone number, and e-mail address.

You must also promptly send a copy of your answer to the plaintiff's attorney or the plaintiff, if the plaintiff has no attorney.



Clerk of the District Court
Electronically signed  on 06/20/2017 03:28:30 PM

**Documents to be served with the Summons:**
PLE: Petition Petition

ELECTRONICALLY FILED
2017 Jun 20 PM 3:04
CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT
CASE NUMBER:  2017-LM-002704

## IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS
### LIMITED ACTIONS DIVISION

GWENDOLYN THOMAS,

                  Plaintiff,

vs.

MIDLAND CREDIT
MANAGEMENT, INC.

Defendant.

Case Number:   2017-LM-002704

Division:   11

## PETITION

COMES NOW Plaintiff, by and through counsel, and for Plaintiff s causes of action against Defendant states as follows:

1.      Plaintiff is a resident of Kansas.

2.      Defendant Midland Credit Management, Inc. is a Kansas corporation.

3.      At all times relevant hereto, Midland Credit Management, Inc. was and is engaged in the business of collecting debts in the state of Kansas.

4.      The Court has concurrent jurisdiction o v e r the Fair Debt Collection Practices Act pursuant to 15 USC §1692k(d).

### FACTS COMMON TO ALL COUNTS

5.      On January 11, 2017, Plaintiff received a collection letter from Defendant Midland Credit Management, Inc. (Exhibit A)

6.      On February 22, 2017, Plaintiff received a collection letter from Defendant Midland Credit Management, Inc. (Exhibit B)

7.      The letters were attempting to collect a debt for Midland Funding, LLC.

8.      Midland Funding, LLC had purchased the debt from Capital One Bank

(USA), N.A., which, at the time of purchase, was in default.

9.      The Capital One Bank (USA) N.A. account, ending in 7805, was a personal card, used primarily for personal, family or household purposes.

10.     At the time the letters were sent, the debt was time barred by the applicable statute of limitations.

11.     The letters stated: "The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it."

12.     Even though the debt was legally unenforceable, both letters described the "Benefits of Paying" as saving $181.27.

13.     The January letter further described the benefits of paying as putting "this debt behind you", "No more communication on this account" and "Peace of mind".

14.     The February letter also "congratulated" Plaintiff on being "pre-approved" for the Defendant's discount program "designed to save you money."

15.     The February letter also encouraged Plaintiff to "…put this debt behind you."

## COUNT I
## FAIR DEBT COLLECTION PRACTICES ACT

COMES NOW Plaintiff Gwendolyn Thomas, and as for Count I against Defendant Midland Credit Management, Inc. states and alleges as follows:

16.     Plaintiff incorporates herein the preceding paragraphs as though fully set forth hereunder.

17.     This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter FDCPA), which prohibits debt collectors from engaging in abusive, deceptive,

and unfair practices.

18.     Plaintiff is a consumer as defined by 15 USC §1692a(3) of the FDCPA.

19.     Defendant Midland Credit Management, Inc. uses the instrumentalities of interstate commerce or the mails in its business, the principal purpose of which is the collection debts.

20.     Defendant Midland Credit Management, Inc. also regularly uses the instrumentalities of interstate commerce or the mails to attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

21.     Defendant Midland Credit Management, Inc. "uses instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts" and is therefore a debt collector as defined by both definitions of a debt collector as defined by 15 USC §1692a(6) of the FDCPA.

22.     The Defendant was attempting to collect a consumer "debt" as defined by 15 USC §1692a(5) as an obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

23.     The standard in determining whether the Defendant violated the FDCPA is the least sophisticated consumer standard. Claims should be viewed from the perspective of a consumer whose circumstances make him relatively more susceptible to harassment, oppression or abuse. *Schweizer v. Trans Union Corp.,* 136 E.3d 233, 237 (2nd Cir. 1998); *Swanson v. Southern Oregon Credit Service,* 869 F.2d 1222, 1225-27 (9th Cir. 1988); *Jeter v. Credit Bureau, Inc.,* 760 F.2d 1168, 1172 -75 (11th Cir. 1985); *Graziano v. Harrison,* 950 F.2d 107, 111 (3d Cir. 1991).

8

24.     Some of the debt portfolios that Defendant collects consist of debts that are "stale" or the statute of limitations has expired.

25.     On January 30, 2012, another national debt buyer, Asset Acceptance, was sued by the United States of America in the Middle District of Florida for imprudent collection practices.

26.     Part of the allegations of that petition read as follows:

### Defendant's Practices When Collecting Debts Beyond the Statute of Limitations

30.     Because Asset Acceptance regularly collects older debt, and because its business strategy includes holding the debt it purchases for several years, a large percentage of the individual accounts it collects are past the statute of limitations.

31.     The statute of limitations for any given debt can vary from as short as two to three years to as long as fifteen or more years, and depends on several factors, including the date that the debt was last paid or went into default, the law governing the limitations period for the type of debt (e.g., telecommunications, credit card. health club, etc.), whether the debt is based on an oral or written contract, and whether the debt is the result of a judgment. A debt that is past the statute of limitations can be revived in many states if the consumer either makes a payment on the debt or states, in writing, an intention to pay it.

27.     In that petition, the United States alleged the following:

33.     Asset tracks the date that it believes any given account will go

8

past the statute of limitations. Collectors are trained how to collect past-statute debts, and are taught that the debt will be revived if the consumer makes a partial payment on such a debt. When a consumer cannot pay a debt in full, but can pay something, Asset will enter into a payment plan with that consumer.

28.    The United States alleged the problems for the consumers when a debt buyer is collecting these stale debts as follows:

> 34.    Many consumers do not know if the accounts that Asset is attempting to collect are beyond the statute of limitations. Consumers also do not realize that making a partial payment on a debt, or making a written promise to pay will, in many instances, revive the debt. When Asset contacts consumers to collect on a debt, many consumers believe they could experience serious negative consequences, including being sued, if they fail to pay the debt. Similarly, many consumers believe that making a partial payment on a debt in response to Asset's collection efforts is a positive action that can avert the negative consequences of nonpayment. If consumers knew, in connection with a past-statute debt, that Asset had no legal means to enforce collection of the debt, or understood that making a partial payment or a written promise to pay would revive it, some consumers would likely choose not to make a payment or a written promise to pay.

29.    Kansas is a state that has a revival statute such as the one indicated in the petition by the United States.

30.     K.S.A. 60-520 entitled "part payment or acknowledgment of liability" states that "in any case founded on contract, when any part of the principal or interest shall have been paid .... an action may be brought in such case within, the period prescribed for the same, after such payment", which fully revives the statute of limitations, regardless of how long the debt has been stale.

31.     As a result of the litigation with the United States, Asset Acceptance entered into a Consent Judgment on January 31, 2012.

32.     As part of the Consent Judgment, Asset Acceptance agreed to include the following language in any demand for debt upon which the statute of limitations has expired:

> The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it. If you do not pay the debt, we [Asset Acceptance, LLC], may [continue to] report it to the credit reporting agencies [as unpaid].

33.     The Defendant has sent two letters to the Plaintiff which includes the following language: "The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it."

34.     The first letter was sent on January 11, 2017, and is attached as Exhibit A.

35.     This letter was sent on February 22, 2017, and is attached as Exhibit B.

36.     This language was included because the alleged debt, a Capital One Bank (USA) N.A. account, had long expired under the three-year statute allowed by state law.

37.     However, despite this warning and Defendant's knowledge of the staleness of this debt, Defendant offered "low payment options" in the letters.

8

38.     To persuade the Plaintiff to make these payments, Defendant described the "Benefits of Paying!", which included saving up to "181.27", and characterized this as a "discount program" designed to "save you money" and allow the Plaintiff to "put this debt behind you…"

39.     All of which are designed to mislead Plaintiff into believing she would be in a better financial position if she began making payments.

40.     But in fact, it harms Plaintiff's financial position, because in Kansas, once that first payment is made, the following statement is no longer true: "the law limits how long you can be sued on a debt."

41.     Quite the opposite of putting the debt behind her, after making a payment the entire debt would be enforceable in a court of law, thus depriving Plaintiff of a total defense to liability.

42.     The Defendant is telling the Plaintiff the low payment options are designed to help her resolve the account, when in fact it's an invitation to revive a stale debt.

43.     This is exactly the concern the United States had when it sued Asset Acceptance as described in paragraph 34 of the complaint quoted above, where consumers were lulled into thinking that a partial payment was a way to avoid negative consequences.

44.     This conduct violates 15 USC 1692e(2)(A) which prohibits the false representation of the character, amount, or legal status of any debt; and 1692e(10) which prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

45.     Letters like this, from the same Defendant, have been found misleading by at least one Kansas federal court prior to this letter being sent.

46.     "[L]isting the 'benefits' of paying stale debt – while omitting the

8

concurrent risks of paying the debt – is misleading to the least sophisticated consumer. The consumer may indeed receive some of the benefits listed, but she also exposes herself in Kansas to lawsuit on the previously-stale debt – perhaps not by defendant, but by another debt collector." *Smothers v. Midland Credit Management, Inc.,* 2016 WL 7485686, at *3 (D.Kan., 2016).

47. "Explaining to the consumer of all of the benefits she will receive by making payments on a stale debt, while neglecting to address Kansas law that would make the debt judicially enforceable again, is a misrepresentation of the character and legal status of the debt under the FDCPA." *Id.*

48. The above-described acts are misleading to the least sophisticated consumer.

49. The Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

50. As a result of the above violations of the stated Act, the Defendant is liable to the Plaintiff for actual damages; statutory damages up to $1,000.00 pursuant to 15 U.S.C. §1692k; costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for actual damages; statutory damages pursuant to 15 U.S.C. §1692k; costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and for such other and further relief as may be just and proper.

Respectfully Submitted,

ATTORNEYS FOR PLAINTIFF

/s/ A.J. Stecklein

A.J. Stecklein #16330
Michael Rapp #25702
Matt Robertson #27254
Stecklein & Rapp
748 Ann Ave
Kansas City, KS 66101
Telephone:  (913) 371-0727
Facsimile:  (913) 371-0727
Email:
aj@kcconsumerlawyer.com
mr@kcconsumerlawyer.com
msr@kcconsumerlawyer.com
Attorneys for Plaintiff

8

 Midland Credit Management, Inc.

2365 Northside Drive
Suite 300
San Diego, CA 92108

**Call:** (800) 282-2644

**Offer Expiration Date:** 02-10-2017

**Midland Credit Management, Inc. (MCM), is the debt collection company, which will be collecting on, and servicing your account.**

01-11-2017

P41T1299 001

Gwendolyn S Thomas
1307 N 76th Ter
Kansas City, KS 66112-2428

| Original Creditor |
|---|
| Capital One Bank (USA), N.A. |
| **Original Account Number** |
| 4247355071827805 |
| **MCM Account Number** |
| 8566417802 |
| **Current Balance** |
| $453.18 |
| **Current Owner** |
| Midland Funding LLC |
| **Discount** |
| 40% OFF |

RE Capital One Bank (USA), N.A.

Dear Gwendolyn S Thomas,

## CALL US TODAY! (800) 282-2644

### AVAILABLE PAYMENT OPTIONS

**Option 1** — 40% OFF

**Option 2** — 20% OFF
Over 3 Months

**Option 3** — Monthly Payments As Low As: $50 per month
Call today to discuss your options and get more details.

#### Benefits of Paying Your Debt

– Save $181.27 if you pay by 02-10-2017 –
– Put this debt behind you –
– No more communication on this account –
– Peace of mind –

**Hours of Operation**
Sun-Th: 5am-9pm PT;
Fri-Sat: 5am-4:30pm PT;

Sincerely,

*Tim Bolin*

Tim Bolin, Division Manager

The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it. If you do not pay the debt, we may continue to report it to the credit reporting agencies as unpaid.

Exhibit A

## Important Disclosure Information:

Please understand this is a communication from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.

**To report any inaccuracies or to dispute this debt, please call (800) 282-2644**
**Calls to and/or from this company may be monitored or recorded.**

### Basic Information

| Original Creditor | Capital One Bank (USA), N.A. | MCM Account Number | 8566417802 |
|---|---|---|---|
| Original Account Number | 4247355071827805 | Charge-Off Date | 03-28-2014 |
| Current Creditor *The sole owner of this debt* | Midland Funding LLC | Current Servicer | Midland Credit Management, Inc. |

### Important Contact Information

| Send Payments to: Midland Credit Management, Inc. P.O. Box 60578 Los Angeles, CA 90060-0578 | For disputes call (800) 282-2644 or write to: Attn: Consumer Support Services 2365 Northside Drive Suite 300 San Diego, CA 92108 | Physical Payments for Colorado Residents: 80 Garden Center Suite 3 Broomfield, CO 80020 Phone (303) 920-4763 |
|---|---|---|

We are required under state law to notify consumers of the following rights. This list does not contain a complete list of the rights consumers have under state and federal law:

You are hereby notified that a negative report on your credit record may be submitted to a credit reporting agency if you fail to meet the terms of your credit obligations.

**IF YOU LIVE IN MASSACHUSETTS, THIS APPLIES TO YOU: NOTICE OF IMPORTANT RIGHTS:** You have the right to make a written or oral request that telephone calls regarding your debt not be made to you at your place of employment. Any such oral request will be valid for only ten (10) days unless you provide written confirmation of the request postmarked or delivered within seven (7) days of such request. You may terminate this request by writing to MCM.

**IF YOU LIVE IN MINNESOTA, THIS APPLIES TO YOU:** This collection agency is licensed by the Minnesota Department of Commerce.

**IF YOU LIVE IN NEW YORK CITY, THIS APPLIES TO YOU:** New York City Department of Consumer Affairs License Number 1140603, 1207829, 1207820, 1227728, 2022587, 2023151, 2023152, 2027429, 2027430, 2027431

**IF YOU LIVE IN NORTH CAROLINA, THIS APPLIES TO YOU:** North Carolina Department of Insurance Permit #101659, #4182, #4250, and #3777, #111895, and #112039. Midland Credit Management, Inc. 2365 Northside Drive, Suite 300, San Diego, CA 92108

**IF YOU LIVE IN TENNESSEE, THIS APPLIES TO YOU:** This collection agency is licensed by the Collection Service Board of the Department of Commerce and Insurance.



**Midland Credit Management, Inc.**
2365 Northside Drive
Suite 300
San Diego, CA 92108

02-22-2017

| Original Creditor | |
| --- | --- |
| | Capital One Bank (USA), N.A. |
| **Original Account Number** | |
| | 4247355071827805 |
| **MCM Account Number** | |
| | 8566417802 |
| **Current Balance** | |
| | $453.18 |
| **Current Owner** | |
| | Midland Funding LLC |

You are pre-approved for a 40% discount!
Call (800) 282-2644

Gwendolyn S Thomas          P47T1416 001
1307 N 76th Ter
Kansas City, KS  66112-2428

## Choose The Option That Works For You.

### Benefits of Paying!

> Save up to $181.27

> Offer Expiration date:
> 03-24-2017

RE Capital One Bank (USA), N.A.

Dear Gwendolyn,

Congratulations! You have been **pre-approved** for a discount program designed to save you money. Act now to maximize your savings and put this debt behind you by calling (800) 282-2644. Pay online today at www.midlandcreditonline.com.

**Option 1: 40% OFF**          You Pay Only
Payment Due Date: 03-24-2017          **$271.90**

**Option 2: 20% OFF**          3 Monthly Payments of Only
First Payment Due Date: 03-24-2017          **$120.84**

**Option 3: Monthly Payments As Low As:**
† Call today to discuss your options and get more details.          **$50 per month†**

### CALL US TODAY!
### (800) 282-2644

If these options don't work for you, call one of our Account Managers to help you set up a payment plan that does.
Sincerely,

*Tim Bolin*
Tim Bolin, Division Manager

The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it. If you do not pay the debt, we may continue to report it to the credit reporting agencies as unpaid.

Exhibit B

We are not obligated to renew any offers provided

## Important Disclosure Information:

Please understand this is a communication from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.

### To report any inaccuracies or to dispute this debt, please call (800) 282-2644
### Calls to and/or from this company may be monitored or recorded.

### Basic Information

| | | | |
|---|---|---|---|
| Original Creditor | Capital One Bank (USA), N.A. | MCM Account Number | 8566417802 |
| Original Account Number | 4247355071827805 | Charge-Off Date | 03-28-2014 |
| Current Creditor *The sole owner of this debt* | Midland Funding LLC | Current Servicer | Midland Credit Management, Inc. |

### Important Contact Information

| Send Payments to: | For disputes call (800) 282-2644 or write to: | Physical Payments for Colorado Residents: |
|---|---|---|
| Midland Credit Management, Inc. P.O. Box 60578 Los Angeles, CA 90060-0578 | Attn: Consumer Support Services 2365 Northside Drive Suite 300 San Diego, CA 92108 | 80 Garden Center Suite 3 Broomfield, CO 80020 Phone (303) 920-4763 |

We are required under state law to notify consumers of the following rights. This list does not contain a complete list of the rights consumers have under state and federal law:

You are hereby notified that a negative report on your credit record may be submitted to a credit reporting agency if you fail to meet the terms of your credit obligations.

**YOU LIVE IN MASSACHUSETTS, THIS APPLIES TO YOU: NOTICE OF IMPORTANT RIGHTS:** You have the right to make a written or oral request that telephone calls regarding your debt not be made to you at your place of employment. Any such oral request will be valid for only ten (10) days unless you provide written confirmation of the request postmarked or delivered within seven (7) days of such request. You may terminate this request by writing to MCM.

**YOU LIVE IN MINNESOTA, THIS APPLIES TO YOU:** This collection agency is licensed by the Minnesota Department of Commerce.

**YOU LIVE IN NEW YORK CITY, THIS APPLIES TO YOU:** New York City Department of Consumer Affairs License Number 1140603, 1207829, 1207820, 1227728, 2022587, 2023151, 2023152, 2027429, 2027430, 2027431

**YOU LIVE IN NORTH CAROLINA, THIS APPLIES TO YOU:** North Carolina Department of Insurance Permit #101659, #4182, #4250, and #3777, #111895, and #112039. Midland Credit Management, Inc. 2365 Northside Drive, Suite 300, San Diego, CA 92108

**YOU LIVE IN TENNESSEE, THIS APPLIES TO YOU:** This collection agency is licensed by the Collection Service Board of the Department of Commerce and Insurance.

**Stecklein & Rapp Chartered**
748 Ann Avenue
Kansas City, Kansas 66101



7015 0640 0006 6275 8397



$7.50
US POSTAGE
FIRST-CLASS
062S0009524396
FROM 64111

Midland Credit Management Inc.
RA: Corporation Service Company
2900 SW Wanamaker Drive, Suite 204
Topeka, Kansas 66114